1842.

Van Doren
v.
Mayor &c. of
New-York.

VAN DOREN and others *vs.* THE MAYOR &c. OF NEW-YORK.

STRIKER *vs.* THE SAME.

PEARSON *vs.* THE SAME.

Where a valid legal objection appears upon the face of the proceedings through which the adverse party can alone claim title to the complainant's land, there is not in law such a cloud upon the complainant's title as to authorize him to apply to a court of chancery to set aside such proceedings.

But where the claim of the adverse party to the land is valid upon the face of the proceedings or of the instrument which the complainant seeks to set aside, as in the case of a fraudulent or usurious deed where the establishment of extrinsic facts is necessary to shew its invalidity, the court of chancery may interfere to remove such a cloud upon the complainant's title.

Where the proceedings upon the assessment of lands in the city of New-York are void upon their face, so that a purchaser at a sale under such assessment will not obtain a prima facie title to lands sold for the payment of the assessment, the court of chancery has no jurisdiction to interfere and set aside the assessment, or to stay the corporation from proceeding to sell the complainant's land under the same; as the complainant has a perfect remedy at law.

And where such proceedings are not void but merely erroneous, the court of chancery has no jurisdiction to correct the errors therein.

January 24.

THESE cases came before the chancellor upon the demurrers of the defendants, the corporation of New-York, to the bills of the complainants respectively. The object of the bill in each case was to restrain the corporation from collecting certain assessments upon property owned by the complainants, in the city of New-York, or in which they were supposed to have some interest either vested or contingent, such assessments having been imposed for the purpose of laying out streets and avenues or of opening sewers, &c., or from selling the lands assessed, or advertising the same for sale, or giving any certificate or lease to the purchaser upon the sale thereof, and to obtain a decree declaring the assessments and all proceedings had in relation thereto, void, &c.

*R. Mott & W. M. Holland,* for the complainants in two first causes.

*L. H. Sandford*, for the complainant in the last cause.

*P. A. Cowdrey*, for the corporation of New-York.

1842.

Van Doren
v.
Mayor &c. of
New-York.

THE CHANCELLOR. The objection to the assessments, that the corporation, as at present organized under the act of April 1830, has no power to open streets, confirm assessments, &c. was decided against the complainant in the case of *Wiggin* v. *The Mayor, Aldermen and Commonalty of New-York*, in March last, (*ante*, p. 17.) And I have no reason to change the opinion then expressed, although that case was not in a situation to enable the complainant to review the decision, upon that point, by appeal ; as several technical objections existed to his right to the premises as stated in the bill. But if this objection to the right of the common council was well taken, it would only show that this court had no jurisdiction in these cases. For a valid legal objection, appearing upon the face of the proceedings through which the adverse party can alone claim any right to the complainants' land, is not in law such a cloud upon the complainants' title as can authorize a court of equity to set aside or stay such proceedings. That can never be considered a legal cloud which cannot for a moment obstruct the unaided rays of legal science when they are brought to bear upon the supposed obscurity. But where the claim of the adverse party to the land is valid upon the face of the instrument, or the proceedings sought to be set aside, as where the defendant has procured and put upon record a deed obtained from the complainant by fraud, or upon a usurious consideration, which requires the establishment of extrinsic facts to show the supposed conveyance to be inoperative and void, a court of equity may interfere and set it aside as a cloud upon the real title to the land. (*Simpson* v. *Lord Howden*, 3 *My. & Craig's Rep.* 97.) It was the overlooking of that distinction, in the hurry of business, though I had recognized and acted upon it in other cases, which led me to affirm the decision of the vice chancellor in the case of *Meserole* v. *The Mayor &*

1842.

Van Doren
v.
Mayor &c. of
New-York.

*Common Council of Brooklyn*, (8 *Paige's Rep.* 199.) But my decision in that case was properly reversed by the court for the correction of errors, at its last term, in December, 1841 ; although the chief justice, who delivered the opinion of that court, concurred with me in the conclusion that the proceedings of the corporation of Brooklyn were illegal and void.

The same difficulty exists in relation to the objections that the ayes and noes were not called and published, upon the resolutions to make the improvements, and to confirm those assessments which were confirmed by the common council, and that the resolutions and ordinances were not duly signed by the mayor ; and to various other objections which are made to the legal validity of the assessments. All these objections, if valid, appear upon the face of the proceedings through which the corporation must justify the enforcement of the tax by execution ; and through which the purchasers at sales of the lands of these complainants, for the assessments, must necessarily make title. If the complainants are right, therefore, in supposing the proceedings void on all or any of these grounds, upon which I express no opinion, there is no cloud upon their titles. And as their remedy at law is perfect, by an action of trespass if their property is seized upon a distress warrant for the assessments, and as they have a perfect defence at law to any suit brought against them by purchasers at the sales which have been made, or may hereafter be made, if the proceedings are void, this court has no jurisdiction to interfere for their relief. On the other hand, if the proceedings are not void but merely voidable, or irregular, the remedy of the complainants clearly is not in this court, which has no superintending jurisdiction over the regularity of the proceedings of the corporation of New-York in these assessment cases. Indeed, as I understand the prevailing opinion in the court for the correction of errors in the case of *Meserole* v. *The Mayor and Common Council of Brooklyn*, that court repudiated the idea that the court of chancery had any power or right to interfere in such cases,

in relation to any supposed error or irregularity in the assessment, or in the proceedings of the corporation, or of the commissioners of estimate- and assessment. And this court will not again subject itself to the rebuke of that tribunal by interfering in any cases of this kind except where it is absolutely necessary for the preservation of the complainants' rights.

The demurrers are well taken ; and the complainants' bills must be dismissed with costs. And the injunctions, if any have been granted in these cases, must be dissolved.