## SUPREME COURT.

### THATCHER agt. DUSENBURY AND OTHERS.

A Court of Equity has no right to inquire into the proceedings of subordinate tribunals of special or local jurisdiction, (commissioners of highways for laying out roads, levying tax therefor, &c.,) with a view to set them aside if void at law, or for the purpose of staying or restraining such proceedings.

*King's Special Term, January,* 1854. A motion is made in this case for an injunction, under an order to show cause, made by Justice CLERKE.

The complaint alleges that the plaintiff is a holder of real estate in the town of Pelham, and a resident and tax-payer of that town.

That the defendants are commissioners of highways of that town, and, as such commissioners, have undertaken to open two several roads therein.

That such roads are unnecessary, and the proceedings for opening the same were conducted fraudulently in various respects, particularly alleged in the complaint; that the property taken for these roads was overvalued; that the plaintiff and the other tax-payers of the town are thus called upon to contribute from their property large sums of money toward the opening and construction of said roads.

That the defendant, Dusenbury, holds three offices incompatible with each other, and illegal to be held by the same person, that is to say, he is assessor, collector of taxes, and commissioner of highways.

Thatcher agt. Dusenbury and others.

That Richard Collins, whose term of office expired in April last, was one of the commissioners of highways of the town of Pelham, who, together with the defendants Dusenbury and Scofield, laid out said roads. That neither Collins nor Dusenbury have ever taken or filed with the town clerk of Pelham the oath required by the statute to enable them to act as such commissioners in laying out said roads.

That by reason of the omission of the said commissioners to take and file their oath of office, and by reason of the fraudulent acts above referred to, all their acts in relation to said new roads, and the collection of the tax therefor, are invalid, void, and of no effect, and call for the equitable interposition of this court.

The plaintiff prays judgment that all the proceedings taken for the purpose of laying out said two new roads, and the assessments made on the property of the plaintiff and of the other tax-payers of Pelham for that purpose, and all the acts of the commissioners as to these new roads, and the confirmation of the vote of the jury by the supervisors of Westchester County, may be declared null, void, and illegal.

And the plaintiff prays for an injunction restraining the defendants from proceeding to collect the tax assessed upon the plaintiff and the other tax payers of Pelham for the construction of either of said roads, with a further prayer for a perpetual injunction restraining the defendants, or their successors in office, from any further proceedings in the premises.

F. H. B. BRYAN, *for Motion.*
ROBT. H. COLES, *Contra.*

ROCKWELL, Justice. The defendants have put in their answer; but from the view that I have taken of the matter, I have considered it entirely unnecessary to advert to its contents. The complaint, in my opinion, does not state a case which authorizes the interposition of this court.

The plaintiff supposes that the court, by virtue of its equity power, is authorized to relieve him, by declaring the proceed-

ings for the assessment and levying of a tax to be void, and by restraining the collection of such tax.

In this I think he is clearly mistaken. A court of equity has no right to inquire into the proceedings of subordinate tribunals of special or local jurisdiction, with a view to set them aside, if void at law, or for the purpose of staying or restraining such proceedings. Mooers agt. Smedley and others, (6 *John. Ch. R.* 28;) The Mayor &c. of the City of Brooklyn agt. Meserole, (26 *Wend.* 132;) Van Doren and others agt. Mayor &c. of New-York, (9 *Paige*, 388;) Livingston agt. Hollenbeck, (4 *Barb. S. C. Rep.* 10;) Van Rensselaer agt. Kidd, (*Id.* 17.)

The motion for an injunction must be denied, with $10 costs.