## THE CHEMICAL BANK *a.* THE MAYOR OF NEW-YORK.

*Supreme Court, First District; Special Term, November,* 1854.

### ILLEGAL TAXATION.—DENIAL OF INJUNCTION.

An injunction to restrain the collection of a tax illegally assessed, cannot be granted.
The case of Wilson *a.* The Mayor, (*ante* p. 4,) cited and approved.
*Quære;* whether an action for an injunction would not be the most convenient mode of calling in question the legality of a tax.

Application for an injunction.

The Chemical Bank *a*. The Mayor of New-York.

The Chemical Bank applied for an injunction to restrain the collection of a portion of a tax imposed upon their capital.

*S. W. Roosevelt*, for plaintiffs.

*R. J. Dillon*, for defendant.

MITCHELL, J.—The complaint shows, that the bank has surplus funds beyond its capital, amounting to $426,000, of which nearly $180,000 consists of investments in U. S. stocks; that these facts were duly established before the commissioner of taxes and the supervisor of the county, but were disregarded by them, and that the bank was taxed on the U. S. stocks as well as on its other surplus funds. The complaint then asks for leave to pay the rest of the tax, and that an injunction be granted to restrain the defendants from collecting the tax assessed on the U. S. stocks.

There can be no need of an order of the court for the bank to pay or tender such tax as it admits to be due, and if more be then unlawfully collected, the bank will have its remedy for that excess.

The other remedy, by injunction, the defendant's counsel insist cannot be granted. Judge Woodruff, of the Common Pleas, has, in an elaborate opinion, ably explained the decisions on the subject. (Wilson *v.* Mayor of N. Y.) The cases of Meserole *v.* Brooklyn, 26 *Wend.* 132, (reversing 8 *Paige*, 198;) Van Doren *v.* Mayor of N. Y., 9 *Paige*, 388; Livingston *v.* Hollenbeck, 4 *Barb. S. C. R.*, 10; and Bowker *v.* Brooklyn, 7 *How. Pr. R.* 198, fully sustain the defendant's counsel, as the law stood before the Code was adopted; and the last case adopts the same rule under the Code. Justice Strong, who decided the last case, sums up his reasoning by saying, in substance, that a court of law only provides a redress for a wrong after it is committed: a court of equity grants its preventive relief before the wrong is done, but under certain limits, which exclude a case like this; that a court, in which the functions of both are joined, (as is the case now, under the Code,) cannot extend its power beyond what was formerly possessed by one court or the other previous to the junction of the powers of both courts in one.

The Code allows an injunction when it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief or part of it, consists in restraining the commission or continuation of an act, the commission or continuation of which during the litigation, would produce injury to the plaintiffs. (*Code*, § 219.) It is not when the plaintiff is entitled to *any* relief, but to the relief *demanded*. If, by the law, as it stood before, the plaintiff had no right to the relief sought in a suit in his own name, he has none now;—as the section does not profess to extend the relief which the plaintiff might claim in such a suit. If the only final relief which he demands is a judgment for an injunction, then he must show that by the law as it stood before, he was entitled to that relief. If the Code allowed the injunction wherever the plaintiff was entitled to any relief, either in his own name, or as relator in the name of the people; then if a *mandamus* or *certiorari* would lie, the preliminary injunction might be allowable, but such is not its language.

If the plaintiff will have a right of action against the collector or supervisors, after the tax shall be collected, that does not entitle him to the injunction, as in that case his cause of action will not accrue until the money shall be collected.

At the same time, it is very evident that there could be no simpler mode of settling such questions than by an action for an injunction. It brings up the precise merits of the case, as applicable to the individual aggressor alone, and does not involve in the suit the other tax-payers; it is subject to the equitable control of the court, and in that has a great advantage over an action brought for a trespass, when in some cases the whole assessment might be declared void, and he who was liable to pay a part be discharged from paying anything on account of an informality in the proceedings. But the strict law seems to favor the objection made by the defendants, and the motion for an injunction is denied, without costs.