T. A. Johnson, J.
This is an an action in the nature of a suit in equity, brought in the superior court in the city of Buffalo, demanding judgment that a certain assessment made by the city assessors under the authority of the common council of the city, with the approval of the mayor, upon the lands of the plaintiff, situated in school district number two, in said city, be declared null and void; and that the defendants be perpetually enjoined from proceeding to collect and enforce the said assessment against the plaintiff. The complaint alleges that the -whole assessment was $7500 upon said school district, and was made for the purpose of defraying the contingent expenses thereof. The plaintiff is the owner of several lots in the district, and his proportion of this sum is assessed upon the lots. Various grounds of illegality in making the assessment are alleged m the complaint, which are all admitted by the demurrer.
The principal question in the case is, whether the plaintiff is entitled to this species of relief; and if that shall be determined against him, it will be unnecessary to examine the particular illegality specified. It was an appeal to the equity powers of the court in which the action was brought, and the relief sought was strictly of an equitable character. In order, therefore, to give the plaintiff the right to litigate this question on the equity side of the court, and the court power to administer that species of relief, it was necessary for him to state in his complaint facts constituting an .equi *538 table cause of action. He was bound to make out a case falling under some acknowledged head of equity jurisdiction. It is claimed that the assessment is a lien, and being unauthorized, is a cloud upon the plaintiff’s title, which equity alone has power to remove. It is also claimed that the court has the right to interpose its equitable powers to restrain the collection of a tax founded upon an illegal assessment.
It is true that such an assessment and tax is a lien upon real estate, and as such has preference over prior mortgages and judgments. The charter (Laws of 1853, 476, tit. 5, § 12,) makes every unpaid tax and assessment a lien upon the land on which it is assessed or charged, for two years from the time when the roll containing it was delivered to the receivers. (Mayor of New-York v. Colgate, 2 Kern., 140.) This, of course, means a legal assessment. But an assessment made by a board or body having no power to make it, is a nullity, and no lien upon any property. It is claimed, however, that such an assessment is an apparent lien, and should be removed as a cloud, for the reason that it is invalid. But the power of municipal and other inferior officers or bodies to make assessments is in the law, and is as apparent as the act of assessment, and if the assessment is without authority it is not even an apparent lien. If, however, such an assessment is to be regarded as an apparent lien, it does not follow that it is a cloud within the cognizance of a court of equity.
The very point was adjudged against the power of the court in such a case, by the late court for the correction of errors. (The Mayor, &c., of Brooklyn v. Meserole (26 Wend., 132), reversing the decision of the chancellor in the same case. (8 Paige, 198.) This decision was subsequently followed by the chancellor in Van Doren v. The Mayor, &e., of New-York (9 Paige, 3S8). The relief sought by the bill in the last case was identical with that demanded here. The bill was demurred to and was dismissed on the express *539 ground that the court had no power to afford the relief. The chancellor, in delivering his opinion, says he understands that the court for the correction of errors in Meserole v. The Mayor, &c., of Brooklyn, “ repudiated the idea that the court of chancery had. any power or right „to interfere in such cases, in relation to any supposed error or irregularity in the assessment, or in the proceedings of the corporation, or of the commissioners of estimate and assessment.”
The decision in Mooers v. Smedley (6 John. Ch. R., 28), is to the same effect. That was. a bill filed to restrain the collector from collecting a tax levied for wolf bounties, and .to restrain the supervisors from paying over the money to the persons claiming the bounties, on the ground that the supervisors of the county had allowed the charges and levied the tax in violation of law. Relief was denied upon the express ground that it did not belong to the jurisdiction of chancery, as a court of equity, to review or control the determination of the supervisors in their examination and allowance of accounts as chargeable against their county, and in causing the moneys so allowed to be raised and levied. Chancellor Kent, in his opinion, says: “ This is not a case of private trust, but the official act of a political body; and in the whole history of the English court of chancery, there is no instance of the assertion of such a jurisdiction as is now contended for.” The general doctrine seems to be firmly established, that the correction of errors; in the proceedings and determinations of these inferior political jurisdictions is matter of legal and not equitable cognizance. And especially where, as in this case, it is a mere question of power, and there is no allegation of fraud or corruption in the body, or the officers by whom the assessment is authorized or made. The supreme court, as at present organized, has thus far steadily refused to lend its equitable powers for such purposes. (Livingston v. Hollenbeck, 4 Barb., 10; Thatcher v. Dusenbury, 9 How. Pr., 32; Bouton v. The City of Brooklyn, 15 Barb., 375.) The usual *540 and undoubted remedy by certiorari, is always open to every party conceiving himself aggrieved. That writ brings up the.proceedings .of the inferior body for review, and‘judgment passes- directly upon their proceedings-and determinations thus-reviewed.
It is claimed that the - superior court, being possessed of both-law and equitypowers, had. jurisdiction of the subject matter, and-having .jurisdiction, should have rendered judgment appropriate to the injury complained of and admitted by the /-demurrer. But its equitable powers only were invoked, .and if-.the ¡plaintiff failed to make -out a case :of equitable cognizance'in :his complaint, he was entitled to no judgment. Because the same court had.power to set-aside the-assessment, had all -.the proceedings been removed into it by the' appropriate writ from "the inferior tribunal, it does not follow that a party may have the same relief :in any other form -.of proceeding. There is a -wide .and radical distinction between bringing the record of the -proceedings 'of an inferior body before a- court for the-purpose of having them reviewed and .passed upon directly by such courts, and either reversed-or affirmed, and bringing an-original action, founded upon some-alleged error -in the..proceedings of such body, .and -demanding .judgment, not upon -errors in the record, blit Upon the allegations of -error in -the complaint. Whatever distinctions may have been abolished by the Code of Procedure, -this -certainly ¡has not. Indeed, -ibis-still the law'ihat :a party .Who brings an equitable action must maintain it upon -.some -.equitable .’ground-; -and if his cause of action-is-.of-a legal and -not :an-equitable nature, :he -must bring a legal action, or ¡pursue a "legal remedy. Where a matter is-clearly ovprima facie .one of legal cognizance, a party mtistx, -in order to - maintain ail n'quitáble action upon it, state- clearly-facts sufficient to entitle him to equitable relief, and to-showthat a perfect remedy cannot be obtained at law-.
*541 The general rule established by the decisions seems to be subject to three exceptions: First. Where the proceeding in the subordinate tribunal will necessarily lead to a multiplicity of actions; Second. Where they lead, in their execution, to the commission of irreparable injury to the freehold; Third. Where the claim of the adverse party to the'land is valid upon the face of the instrument, or the proceedings sought to be set aside, and extrinsic facts are necessary to be proved, in order to establish the invalidity or illegality. Whenever a case is made by the pleadings falling .within these exceptions, or either of them, equity will interpose to arrest the excessive litigation, or prevent the irreparable injury, or remove the cloud from the title. The plaintiff’s counsel seeks, in his submitted argument, to bring this case within one or all of these exceptions. But I think he has entirely failed to bring it within either exception by his complaint. There can be no pretence that additional suits are tobe prevented by a judgment in the plaintiff’s favor in this action. It is brought for the benefit of no one except himself. For is it shown by the complaint, nor can it be, how the assessment and levy of .a tax merely, even if entirely illegal, could work irreparable injury, or any injury to the freehold. They might, should the tax be collected, work an injury to the plaintiff by depriving him of his property, but could work ro injury to the freehold. In order to bring the case within the third exception, and the jurisdiction of equity on that ground, the complaint should have set out, in terms, the resolution of the common council upon which the assessment was based, that the court might see whether it was apparently within the jurisdiction of that body; or it should have alleged, distinctly and plainly, that the proceedings were apparently within the powers of the common council, and upon their face were valid, and created a valid lien; and it should then have alleged that, notwithstanding such apparent validity, the proceedings were wholly void by reason of certain extrinsic matters, which should be *542 stated, and which it should appear by the complaint, could only be established by other evidence. These facts are the very grounds of the jurisdiction. Apparent validity, and total invalidity in fact, which can only be established by proof aliunde. If partial invalidity only is established, no case, is made for the interposition of equity to remove a cloud. It is no cloud if the lien is to any extent valid. •
The complaint entirely fails to show that the several purposes alleged to be unauthorized and illegal, for which the gross sum was assessed, do not appear in the resolutions or proceedings of the common council. The presumption, I think, is that they do there appear, as the contrary is not alleged, and the several objects or purposes are specified in the complaint. In this view it is a clear case for the common law certiorari, and one with which equity ought not to interfere. There is a vague allegation that the assessment does not state the specific purposes for which it was required, but that is not enough.
The doctrine established by the decisions is substantially this, that if the proceedings are void upon their face, they form no cloud upon title, and no ground of interference by a court of equity. And if they are not void upon their face, but merely voidable or irregular, a court of equity will not take cognizance of them, unless other facts are alleged sufficient to bring the matter clearly within some acknowledged head of equity jurisdiction. This is a sound and salutary rule, which should be steadily adhered to upon considerations of public interest and convenience, if no other. It is not the business of courts to furnish new remedes to parties aggrieved,' even though existing ones are found inadequate to afford perfect protection or redress. That falls more properly within the province of the legislature. But if they had the power they would hesitate before extending their equitable jurisdiction over all the acts of these inferior bodies, and allowing every one assessed to come in and litigate as to the *543 validity of his tax, before he should be required to pay it, who could allege some error in making the assessment.
I am, therefore, of opinion that the judgment of the superior court was correct and should be affirmed.
Denio, C. J.
It appears that in the city of Buffalo, while the management and regulation of common schools are committed to the common council, in the place of being entrusted to the ordinary town and district officers who have charge of that subject in the county towns, the distinction of districts is still preserved for certain purposes. (Rev. Charter of Buffalo, Laws of 1853, ch. 230, tit. 6, § 10.) The amount generally needed for the support of the schools is to be included in the general tax upon the whole city (id., tit. 5, § 6), while the money required to be expended for the purchase of or payment for land for the site of school-houses in the districts is to be levied upon the taxable property in the district for which such land is purchased. (Id., tit. 6, § 9, subd. 6, § 10.)
The complaint .alleges that the sum of $7500 has, by a resolution of the common council, been directed to be levied upon the taxable property of the district, partly for the support of the schools and partly for the purchase price of land fora school-house and for an additional-piece of land to compose a school-house site after a school-house had been erected. It is stated that the district owned sufficient land for a school-house site besides that for which the tax was levied, and also that the district was the owner of a good bond and mortgage for $6250, being the consideration of lands sold by the district for a school-house. The complaint does not disclose the respective proportions or amounts included in the tax for general purposes and for the purchase of land, though the levy for general purposes is said to be a large sum. The whole tax is claimed to be illegal.
As to the portion of the tax levied for the purchase of a school-house site, no facts are shown rendering it illegal. *544 The fact'that the district owned other laud sufficient for the purpose is unimportant, it not being stated that it is in any respect suitable or proper to build a district school-house upon. It is said, indeed, to be sufficient for that purpose. That expression would be satisfied by the existence of a parcel of ground sufficient in area but in no respect fit for the purpose. Then, as to the alleged' mortgage, it is not shown when it would become ¡payable, the only allegation being that it was good and valid; nor is it shown that the amount levied will not be required, to pay for the site purchased, in addition to the proceeds of the bond and mortgage. The portion of the tax applicable to the additional piece of ground stands upon the same footing. The common council could purchase the school-house site in two parcels as well as in one.
But it was illegal to include in the tax upon the district any sum for the support of the schools; and the remaining inquiry is, whether the plaintiff has shown himself so aggrieved in respect to that subject as to authorize him to litigate the question in this form with the city. He does not appear to have been assessed for personal property, and it is not shown that he has any in the district or in the city which is liable to be taken- for the tax. The complaint is, that it is, if legal, a lien upon certain lots of ground in the district owned by him, and that the defendants threaten to sell them. The action is therefore in the nature of a suit quia timet, and also of a suit to remove a cloud upon the plaintiff's title. I am of opinion that he ought to have stated the amount included in the tax for the support of schools. It is not even said to have been a large proportion of the whole $7500, but simply “a large sum.” This is a comparative expression, and when used in a pleading, without any reference to the amount with which it is compared, is so indefinite that it may mean a few dollars or a few hundred dollars. The plaintiff does not show that it is impracticable or even difficult for him to ascertain the items *545 of which the sum to he levied is made up. He seeks, upon this vague complaint, to arrest the proceedings of the common council in the exercise of their jurisdiction to levy a local tax, and, for this purpose, to call into exercise the equitable jurisdiction of the court. If he had an absolute right, ex debito justitice, as a party has to recover the amount due on a contract, or for damages .for a tort, we could not, on demurrer, take into consideration the smallness of the amount. But where the complaint is, that public officers threaten to expose his property for sale, to pay a tax, and that he will thereby suffer an irreparable inj ury, for which he can have no other remedy, he does not, in my judgment, make out a case for the exercise of the jurisdiction without stating the amount of the alleged illegal tax.
The superior court of Buffalo dismissed the complaint on the ground that it sufficiently appeared on the face of the' proceedings that the tax was illegal, and hence that it could not happen that the plaintiff would be injured. I am of opinion that this is also a sufficient answer to the complaint. The resolution imposing the tax is not set out. It is said that a resolution was passed and approved for the assessing of $7500 upon school district number two, in said city, to defray the contingent expenses thereof. If this averment was intended for a statement of the terms of the resolution, as seems to be the case, I am of opinion that it was illegal on .its face. The power to levy a tax upon the district, distinct from the residue of the city, is limited to money “sufficient to pay all such sums as they may deem necessary to be expended in such district for the purchase of or payment for land therein, and the building and furnishing of schoolhouses and their appurtenances.” (Rev. Charter, tit. 6, § 9, subd. 6.) The terms, “ contingent expenses of school district” number two, would not suggest or include the idea of purchasing land for a building or school-house. In making title to the plaintiff’s land, a purchaser under a tax sale would be bound to show that the tax was one which the *546 common council had a right to impose upon the district. The resolution, if correctly stated in the complaint, would not show that it was levied for a purpose warranted by the law.
For these reasons I am of opinion that the demurrer was well taken, and that the judgment of the superior court was correct.
Judgment affirmed.