NEW-YORK PRACTICE REPORTS. 161

Mace and others agt. The Trustees of the Village of Newburgh.

## SUPREME COURT.

BENJAMIN H. MACE and others agt. THE TRUSTEES OF THE VILLAGE OF NEWBURGH.

A court of equity will not assume jurisdiction to review the legality or validity of proceedings of a municipal corporation in prosecuting a local improvement, or in assessing or collecting the means to complete it.

This court has no supervisory power over such proceedings of public officers, or jurisdiction, and ought not to interpose by injunction to restrain their action, merely upon an allegation that their proceedings are *illegal or invalid*. The common law writ of *certiorari*, is the proper remedy in such cases.

To authorize a court of equity to interfere by injunction in such cases, it must appear that the acts of the corporation which are done or threatened, in the prosecution of the work, or the like, will be productive of peculiar or irreparable injury to the premises of the plaintiff, or will lead to a multiplicity of suits.

Therefore, where the allegations of the plaintiffs were, that the defendants' (a corporation) proceedings, which were apparently valid, but really void, by causing an assessment, &c., would create a lien on their lands, and produce a cloud on their title, *held*, that this court would not assume equitable jurisdiction to review such proceedings, if there were no other reasons than the illegality or invalidity of them.

*Dutchess Special Term, April,* 1857.

MOTION to dissolve injunction.

THOS. McKISSOCK, *for motion.*
J. W. BREWSTER, *opposed.*

EMOTT, Justice. The assessment of which the plaintiffs complain is not yet a lien on their lands or a cloud on their title, but their allegation is that the defendants' proceedings will or may finally terminate in such a result.

They apprehend that in attempting to enforce collection of the amount assessed, the defendants will make sales and execute conveyances, which will be apparently valid, and yet as they say really void, for the illegal proceedings of the defendants, and the invalidity of the assessment itself. The relief sought by the present suit, is a perpetual injunction against any pro-

ceeding to collect the assessment in question, of any property of the plaintiffs.

I do not propose to discuss the question whether that peculiar exercise of equitable power by which the court decrees the cancellation or surrender of deeds or other instruments, which are what is called clouds upon the title of lands, can be invoked to arrest the proceedings of this corporation in their present stage, proceedings which it is only alleged may create or occasion such a cloud, but which have not yet produced that effect. Nor do I intend to examine any of the questions raised and argued as to this particular assessment, or the power of the trustees of the village of Newburgh, to grade a street anew, after it had once been levelled to a particular grade under their direction, or to do such work and collect a tax to pay the expense thus incurred, without having made an " estimate," of the cost before undertaking the work or making the assessment.

This injunction must be dissolved, for the reason that a court of equity will not assume jurisdiction to review the proceedings of a municipal corporation in prosecuting a local improvement, or in assessing or collecting the means to complete it, if there be no other reason for invoking the interposition of the court, than the alleged illegality or invalidity of the proceedings.

A court of equity has no supervisory power over such proceedings of public officers or jurisdiction, and ought not to interpose by injunction to restrain their action, merely upon an allegation that their proceedings are illegal or invalid. The common law writ of certiorari, is the proper remedy in such cases, and unless the acts of the corporation which are done or threatened in the prosecution of the work or the like, are alleged to be productive of peculiar or irreparable injury to the lands of the plaintiffs, or can be shown to lead to a multiplicity of suits; we ought not to extend our equitable jurisdiction to assume control of the proceedings or examine their regularity. The case of *The Mayor of Brooklyn* agt. *Meserole*, (26 *Wend.* 132,) was decided in the court of errors, explicitly

and emphatically upon this ground, and the chancellor's order was reversed, because the case was not within any recognized head of equity jurisdiction.

The case of *Oakley* agt. *The Trustees of Williamsburgh*, (6 *Paige*, 362,) was decided before the case of *Meserole* agt. *The Mayor of Brooklyn*, and may, perhaps, also be distinguished as to its facts, both from that case and the present, by the allegation in the bill in the Williamsburgh case, that the grading which the defendants were proceeding to do, would, if completed, work material injury to the complainant's lands. In *Van Doren* agt. *The Mayor of New-York*, (9 *Paige*, 388,) the chancellor followed the rule given by the court of errors, though as it seems to me, hardly recognizing the entire scope of their decisions. In the recent case of *Bouton* agt. *The City of Brooklyn*, (15 *Barb.* 375,) the principle as I have stated it, is laid down and acted upon in this court, both by Mr. Justice STRONG, at special term, and by Mr. Justice BROWN, in delivering the opinion of the court, at general term, although I admit that the latter opinion lays much stress upon other considerations. The reasoning of the cases to which I have referred, furnishes to my mind satisfactory reasons for refusing injunctions in the class of cases to which the present action belongs, reasons which cannot be overcome by the hardship of particular cases. Nor am I loth to see any wholesome restriction upon the growing inclination to extend the use, or I might say the abuse, of this peculiar and extraordinary remedy of courts of equity. Of course, I need not advert to the fact, that notwithstanding the blending of common law and equitable jurisdiction in the same court, the principles as well as the method of the procedures, continue as different and distinct as they always have been. They must always be so, until the legislature see fit to sweep out of existence one or the other of the two systems, with both its rules and its remedies, as they have the separate tribunals by which they were formerly administered.

It is urged, that the defects in the defendant's proceedings, of which the plaintiffs complain, do not appear upon the rec-

ord, or without extrinsic proof, and therefore, the objection could not be raised on a *certiorari.* This may be so, but there is nothing in the fact to distinguish the case from others involving a great variety of illegal and injurious acts by corporations and individuals, by which titles may be directly or remotely affected. Indeed, this element must always be found in all cases where the interposition of courts of equity is asked to remove what is called a cloud on the title. For if the defect be patent upon the face of the instruments or proceedings complained of, the answer of the courts has always been, that the cloud is too thin to need their aid to disperse it. And it must be remembered that it is of the class of cases where what is called a "cloud," is shown to exist—that is, where the conveyance or proceeding is apparently valid, though really defective—that the *chief justice speaks in his opinion, in the court of errors, in the Mayor of Brooklyn* agt. *Meserole.* If this element had not been found in that case, the suit must have been dismissed at once, for that reason, and without adverting to the public character of the proceedings complained of. It is to cases otherwise properly cognizable in equity, that the distinction is applied by the decisions, among which the case just referred to, is a leading instance, that when the proceedings of a subordinate public jurisdiction are concerned, courts of equity ought not to interfere.

The parties must be left to their remedies at law, unless the act complained of, will either lead to irreparable injury to lands or to a multiplicity of suits.

I cannot find either of these features in this case, and after a careful examination of the case in this aspect, I have come to the conclusion that the injunction must be dissolved, with costs of the motion.