## MILLER'S CASE.

*Supreme Court, First District; Special Term, April,* 1861.

ASSESSMENTS IN THE CITY OF NEW YORK.—PROCEEDINGS TO VACATE.

An assessment for local improvements cannot be set aside for fraud or legal irregularity, on the ground that a part of the work included in the assessment was constructed without any contract, though it exceeded five hundred dollars.

In a petition to set aside such an assessment, it is not enough to allege that the proceedings *appear* to be irregular, but the existence of the irregularity must be alleged.

An allegation in such a petition that the written agreement for the work contains material erasures and obliterations, wrongfully and fraudulently increasing the prices for which the work was to be done, is sufficiently definite to entitle the applicant to have proofs thereof taken.

This was an application to take proofs of the frauds and legal irregularities in relation to certain assessments alleged in the petition.

*J. W. & C. J. Mitchell,* for the petitioner.

*H. H. Anderson,* for the Corporation.

LEONARD, J.—A new and summary remedy was provided by the act of April 17, 1858 (*Laws of* 1858, 574, ch. 338), for the relief of parties whose rights were infringed by assessments for local improvements infected with fraud or legal irregularity.

These terms are used in the same sense, and should receive

the same construction and effect that have been previously applied to them in legal proceedings.

No new result or effect is given to fraud or legal irregularity; nor was it intended to create new causes of action for which no remedy previously existed, or to revive old ones, against which a valid legal bar existed, according to the law as previously expounded by the courts.

A judgment has been rendered against these premises by a tribunal of limited and special jurisdiction, in a matter wherein cognizance has been specially conferred by law on such tribunal.

The judgment is conclusive on parties and privies in cases free from fraud, and where none of the requisite steps to give jurisdiction have been omitted. Such omissions, if any exist, are legal irregularities, and will, as well as the commission of fraud, affect the validity of the judgment.

Courts have, on certiorari and by action, for a long time heretofore, vacated and annulled assessments for frauds, and for legal irregularities affecting the jurisdiction of the tribunal by which the assessment was imposed.

Legal irregularities, not affecting the question of jurisdiction, are cured, unless the objection is raised before judgment. (Embury *a.* Conner, 3 *Comst.*, 511.) These principles have long prevailed.

No change has been made by the act in question in the rules laid down by the courts in these respects. The questions to be brought before a judge of the Supreme Court under this act, are to be heard and determined on the principles which have been heretofore decided and acted upon.

Two objections are made in respect to the assessment for constructing a sewer:

1. A large amount of the work included in the assessment, exceeding $500, was constructed without any contract.

2. That it does not appear that the persons who made the assessment were ever appointed assessors, and that certain persons, who appear to have been appointed assessors, did not sign the assessment; nor does it appear that they were removed.

Neither of these objections is so taken as to authorize the petitioner to go into proofs on the subject.

It is not alleged that the work was not performed, or not

well performed, or that it ought to have been done for less. But the want of these allegations is not here referred to as an answer to these objections. The first objection does not present such an irregularity as would affect the jurisdiction of the Common Council in confirming the assessment. Had the objection been made before either board of the Common Council, they might have thought proper not to pay the contractor who had performed the extra work without a legal contract.

The work may have been fairly done, and the Common Council·may have felt equitably bound to pay for it. There is no pretence to allege that it would be fraudulent in a proper case so to do. However this may have been, the objection comes too late.

The second objection is not stated in such a manner as to warrant an order vacating the assessment.

It is not sufficient to state how a matter appears to be.

Nothing is sworn to on the subject, except that certain persons who sign the assessment-roll do not appear to have been appointed or to have qualified. And certain others were appointed and qualified, but the former do not appear to have been deposed, removed, or superseded.

Such a statement is not an allegation of the existence of any fact that is material to the subject.

The same petitioner also applies to vacate an assessment imposed for regulating, grading, setting curb and gutter stones, and flagging a part of Seventy-ninth-street, affecting a portion of the same premises included in the assessment for constructing the sewer above mentioned.

One objection to the latter assessment is, that three assessors were appointed and qualified; that without these having been legally removed, the assessment purports to be signed by two other persons as assessors.

There is no allegation, however, that those who signed the assessment were not appointed and qualified, nor in what the want of legality consisted, whereby the former assessors were removed. The facts establishing the illegality of the removal ought to be alleged.

Another objection to the assessment refers to a supposed fraud, sufficient, perhaps, if sustained by proof, to require that the assessment be vacated.

The first statement of this fraud, at folio twenty-eight of the petition, is wholly defective. Subsequently, at folio thirty, there is, however, a charge sufficiently definite to require proof to be taken on the point. The charge here is that the written agreement for the work, " contains material erasures and obliterations, wrongfully and fraudulently varying, changing, and increasing the prices for which the work was to be done."

The other objections do not amount to a charge of fraud or legal irregularity, within the decisions heretofore made in actions to relieve from assessments.

The petitioner may proceed with his proofs in respect to the charge of the fraudulent erasures and obliterations of the contract mentioned in the petition for regulating, grading, &c., in Seventy-ninth-street, whereby the prices were changed or increased. In all other respects the application to take proof is denied. (The Mayor, &c. *a.* Meserole, 26 *Wend.*, 132; Van Doren *a.* The Mayor, &c., 9 *Paige*, 388; The Mayor, &c. *a.* Colgate, 12 *N. Y.*, 140; Haywood *a.* The City of Buffalo, 14 *Ib.*, 534; People, &c. *a.* City of Rochester, 21 *Barb.*, 656; The Matter of Isaiah Keyser, Application to vacate Assessment on Second Avenue, Opinion of Judge Bonney, *MSS.*; Sandford *a.* The Mayor, &c., 20 *How.*, 298; Embury *a.* Conner, 3 *Comst.*, 511.)