Hotchkiss *v.* Elting.

HOTCHKISS *vs.* ELTING.

A trust, in a deed of real estate, to convey the premises to such person or persons as the wife of the grantor shall by writing appoint, is not one of the trusts authorized by law, and is therefore absolutely void.

Where the trustee is not vested with the right to the possession, rents or profits of the land conveyed, for any purpose, either for himself or any other person, the deed of trust will be regarded as void, under the provisions of the revised statutes. (1 *R. S.* 728, § 49.)

Where an instrument purporting to create a trust in respect to real estate is void upon its face, it will carry its own condemnation with it, and will not be in a proper and legal sense a *cloud* upon the title, which will authorize the interference of a court of equity, to set the instrument aside.

A power to a trustee to hold the premises conveyed, in trust for the grantor's wife, and to convey the same to such person or persons as the latter shall by writing appoint, is a valid power in trust, at the time of its creation and during the life of the *cestui que trust.* And if the act of appointment is exercised by the wife during her life, the power vested in the trustee will become operative, and its execution on his part imperative.

But if the wife dies before her husband, and during the existence of his life estate, without having exercised the power of appointment, the power will cease to exist, and can never thereafter be exerted. Its execution having become impossible, for all practical purposes, the power may thenceforth be regarded as forever extinguished.

In such a case, the estate, having never passed out of the grantor, remains in him. His estate not having been defeated by the execution of the power during his wife's lifetime, it cannot be, after her death; and he will thenceforth hold the property free from any condition whatever.

The existence of a power in trust, valid in itself and once capable of execution but now incapable of excution by reason of the death of the person having the power of appointment, without an exercise of the power, does not present a case fit for the exercise of the equitable power of the court

to remove a cloud upon the title, by reason of the necessity of resorting to extrinsic evidence to establish the extinguishment of the power.

The objection that the facts stated in the complaint do not present a proper case for the exercise of the equitable power of the court to remove a cloud from the title of the plaintiff, is not an objection to the jurisdiction of the court which must be taken specifically for that cause, under subdivision 1 of section 144 of the code, but it may be taken by demurrer under subdivision 6 of that section, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

DEMURRER to complaint. The action was brought to have an alleged trust deed, executed by the plaintiff to the defendant, declared void, and for a decree setting it aside as a cloud upon the plaintiff's title. The complaint alleged that prior to the 27th of October, 1828, and prior to his marriage with Lydia Elting, a sister of the defendant, which took place on that day, the plaintiff was seised in fee of two undivided third parts of a farm of land in the town of Stockport in the county of Columbia, (describing the same.) That on the 29th of October, 1830, the plaintiff executed, acknowledged and delivered to the defendant a *trust deed* (or a paper purporting to be such) of an equal undivided third part of said farm of land, which was recorded in the clerk's office of the county of Columbia on the 1st day of November, 1830. Said deed bears date on the 29th of October, 1830, purports to be given for the consideration of $30 and divers other good and valuable considerations, and grants and conveys to the defendant said last mentioned premises, and all the plaintiff's right, title and interest therein, *upon trust* that the defendant should hold and retain said premises in trust for the said Lydia, the wife of the plaintiff, subject to the reservations and for the purposes following, viz: 1. The said Hotchkiss reserved to himself for and during his natural life the rents, issues and profits, and the use and occupation and possession of said premises. 2. The said Elting should have and hold said premises in trust for the said Lydia and subject to the above reservations, upon trust to grant, sell and convey the same, subject to said reservations, to such person

or persons and such parcels thereof, and at such times, as she, whether covert or single, should from time to time limit, direct and appoint by deed or will, or writing in the nature thereof, duly executed. And the deed contained a covenant on the part of Elting (though it was not executed by him) with the said Hotchkiss, well and faithfully to perform, fulfill and execute the said trusts and subject to the reservations aforesaid, and according to the true intent and meaning of the said instrument.

The complaint further alleged that the said Lydia died on or about the 20th of October, 1847, without leaving issue, having never had any children, and without having ever by any deed, will or other writing, limited, directed or appointed the grant, sale or conveyance of said premises or any part thereof, and without ever having executed any will, deed or other writing in relation thereto. The complaint charges that the said deed is void and vested no title or interest in said premises, in the defendant or any other person, and that the plaintiff's title is not divested, but that he has, notwithstanding said instrument, a good and valid title to said premises, and that said deed is a cloud upon the same; that ever since the execution thereof he has been, and still is, in the quiet and peaceable possession of said premises; that the defendant claims to have title thereto, under said instrument, in trust for the heirs at law of the said Lydia, subject only to the plaintiff's life estate; that said last mentioned claim tends to discredit the plaintiff's title, and embarrass him in making sale of said premises. Wherefore he demands judgment that said instrument be declared void and be set aside as a cloud upon the plaintiff's title; and that it be adjudged that neither the defendant nor the heirs at law of said Lydia, nor any other person than the plaintiff, has or have any interest therein or title thereto; and that he may have such further or other relief as may be proper. The defendant demurred to the complaint, and for ground of demurrer specified that

Hotchkiss *v.* Elting.

the complaint did not state facts sufficient to constitute a cause of action against the defendant.

*Darius Peck,* for the plaintiff. I. The want of equitable jurisdiction to grant the relief sought in this case is waived by the demurrer. The only objection specified in the demurrer being the one under the 6th subdivision of section 144 of the code, that the complaint does not state facts sufficient to constitute a cause of action, the objection of want of jurisdiction is waived, under section 148 of the code. The objection of want of jurisdiction is not assigned as a ground of demurrer, and cannot therefore be taken under the present demurrer, specifying as its only ground that the complaint does not state facts sufficient to constitute a cause of action. (*Viburt* v. *Frost,* 3 *Abbott's Pr. Rep.* 119, 120. *Hobart* v. *Frost,* 5 *Duer,* 672.) Upon such a demurrer the defendant is deemed, for the purpose of the issue of law made by the parties, not only to have waived any objection to jurisdiction, but to have submitted to the jurisdiction of the court. The legislature intended that the demurrant should distinctly apprise his adversary of the precise question he intended to present to the court, and that the trial of an issue of law should be confined to the very ground of demurrer assigned. Although under section 148 the objection to the jurisdiction of the court is not to be deemed waived by the omission to set it up by demurrer, it does not follow that it can be raised on the argument of a demurrer that assigns a different cause. The demurrer in the case of *Wilson* v. *The Mayor of N. Y.,* (4 *E. D. Smith's Rep.* 675; *S. C.,* 1 *Abbott,* 4,) like the demurrer in the present case, specified as its only ground that the complaint did not state facts sufficient to constitute a cause of action; and although the question of jurisdiction, under such a demurrer, was entertained and decided by Judge Woodruff at the special term, it was, as he expressly states, because the counsel for both parties concurred in submitting the question of jurisdiction as properly before him under the

demurrer, strongly doubting his power to entertain the question without such assent. His decision, however, was reversed upon appeal, the court holding that the demurrant could only obtain judgment for the cause specified in the demurrer, and could not raise the question of jurisdiction. (6 *Abbott's Pr. Rep.* 6.   15 *How. Pr. Rep.* 500.)

II. By the deed of trust, neither the trustee nor the *cestui que trust* is entitled to the possession, or authorized to receive the rents and profits of the land, they being expressly reserved to the grantor. The deed therefore, being an express trust, is void, and vests no estate, legal or equitable, in the trustee. (1.) No express trusts can be created except those enumerated in section 55 of the article of the revised statutes, entitled "Of uses and trusts." (1 *R. S.* 728.  3 *id.* 5th ed. 16.) We are to look to this section alone to ascertain the validity or invalidity of an express trust. (*Yates* v. *Yates,* 9 *Barb.* 324, 340.  *Campbell* v. *Low, Id.* 585, 591.) The trust in the present case is not among those enumerated in section 55, and all others being abolished under section 45, it is illegal and void unless capable of execution as a power in trust under section 58, which will hereafter be considered. (2.) The trust is also void under section 49. Nor, construing section 49 in connection with section 47, is this trust turned into a legal estate in Mrs. Hotchkiss, the *cestui que trust;* because by the terms of the trust she had no beneficial interest, nor was she then or thereafter, by virtue of the deed, entitled in law or equity to the actual possession of the land and the receipt of the rents and profits thereof, they being expressly reserved to her husband, the grantor. (*Germond* v. *Jones,* 2 *Hill,* 569, 574.  *Jarvis* v. *Babcock,* 5 *Barb.* 139.)

III. The trustee having taken no estate in the premises, and the trust not turning into a legal estate in the *cestui que trust,* the same remained in the grantor, precisely as if no deed of trust had been executed. But the trust authorizing the performance of an act lawful under a power is valid only

Hotchkiss *v.* Elting.

as a power in trust under section 58, and the legal estate remains in the grantor subject to the execution of the power. (§ 59.) In this case the trustee is to convey the premises in fee to such person or persons, in such parcels and at such times as Mrs. Hotchkiss should in writing, or by her will legally executed, direct, limit and appoint. The defendant is the grantee of the power, and Mrs. Hotchkiss is the appointee beneficially interested in its execution, answering to the *cestui que trust* in a simple trust. The trustee is not seized of a legal estate in the land, as above shown, but only invested with an authority in relation to its future disposition; and the act so authorized being lawful under a power, the deed becomes valid as a power in trust.

IV. Mrs. Hotchkiss dying without having made an appointment in writing or by will, the execution of the power has become impossible of performance, and is extinguished. This appointment is precisely similar to the requirement of the consent or advice of a third person to the execution of a power, and like every condition must be strictly complied with. If the person whose appointment, consent or advice is necessary, dies before having made or given it in strict conformity with the form prescribed in the power, the power itself is entirely annulled. This has been the long settled rule of the common law, and the statute has nowhere changed, modified or abolished it. (4 *Kent's Com.*, note (*a*) to *p.* 333. *Id.* 7th ed. *p.* 350, *and authorities there cited. Barber* v. *Cary,* 1 *Kern.* 397, *and the authorities cited by Parker, J. Sugden on Powers,* 1 *Am.* ed. 263, 264.)

V. The deed of trust being upon its face valid as a power in trust, and extrinsic facts being necessary to be proved to establish its present invalidity or illegality, equity will interpose to remove the cloud upon the title. Apparent validity and total invalidity in fact which can only be established by parol proof aliunde, by its nature resting in parol, are clear grounds of equitable jurisdiction in this case. To show the present invalidity of this instrument, evidence is necessary to

prove the extrinsic facts of the death of Mrs. Hotchkiss, and that she died without having made an appointment either by deed, writing or will. This evidence, in the nature of things, rests in parol, and is liable to be lost, or to become obscured. (*New York and New Haven Rail Road Co.* v. *Schuyler*, 17 *N. Y. Rep.* 592, 599, 600. *Cook* v. *Newman*, 8 *How. Pr. Rep.* 523, 525. *Van Doren* v. *Mayor &c. of New York*, 9 *Paige*, 388, 389. 2 *Story's Eq.* § 700.) It is a very old head of equity jurisdiction to interpose and cancel as a cloud upon title an instrument originally valid, but which has by subsequent events become extinguished, *functus officio* or a nullity. (2 *Story's Eq.* § 705.)

*S. L. Magoun*, for the defendant.

HOGEBOOM, J. The deed in question does not convey to the defendant any present or future interest in the premises, nor any right to the possession, use or occupation, or the rents, issues or profits thereof, but expressly reserves the latter to the grantor himself during his life. The trust therein mentioned is simply to convey the premises, subject to the reservation, to such person or persons as the wife of the plaintiff should by writing appoint. This is not one of the trusts authorized by law, and is therefore absolutely void. (1 *R. S.* 727, 728, §§ 45, 55. *Yates* v. *Yates*, 9 *Barb.* 324, 340. *Campbell* v. *Low, Id.* 591. *Jarvis* v. *Babcock*, 5 *id.* 139. *Voorhees* v. *Presbyterian Church of Amsterdam*, 17 *id.* 103. *Beekman* v. *People*, 27 *id.* 273. *McCaughal* v. *Ryan, Id.* 376.) The statute further provides that every disposition of lands, whether by deed or devise, shall be directly to the person in whom the right to the possession and profits shall be intended to be vested, and if made to any person in trust for another, no estate or interest, legal or equitable, shall vest in the trustee. (1 *R. S.* 728, § 49. *Boynton* v. *Hoyt*, 1 *Denio*, 57. *Rawson* v. *Lampman*, 1 *Seld.* 456.) In this case the trustee is not vested with the right to the possession, rents

Hotchkiss *v.* Elting.

or profits for any purpose, either for himself or any other person, and the deed must therefore be regarded as void for that reason, also, under the section last named. The deed makes no disposition of the rents and profits during the life of Mrs. Hotchkiss, in case she survives her husband, before exercising her power of appointment; but I think that does not avail to make the deed valid. The deed vests no title to those rents and profits in the defendant. I think not even by implication; imposes upon him no duty whatever, except in a particular contingency; and is a mere attempt to divest the plaintiff's title by a naked *passive* trust. As such trusts were intended to be entirely abolished by the revised statutes, and as no stronger case of a mere passive trust than that presented by this deed can be conceived, except one which imposes no duty whatever upon the trustee in any possible contingency, the instrument in question, so far as it aims to create a trust, must be regarded as inoperative and void.

Such a paper, however, if it be wholly void upon its face, would carry its own condemnation with it, and would not be, in a proper and legal sense, a *cloud* upon the title. (*Mayor of New York* v. *Meserole*, 26 *Wend.* 136. *Van Doren* v. *Mayor &c.*, 9 *Paige*, 388. *Cox* v. *Clift*, 2 *Comst.* 118. *Heywood* v. *City of Buffalo*, 14 *N. Y. Rep.* 534.) We must therefore see if it be or ever was apparently valid for any purpose, before we can invoke the interposition of a court of equity to set it aside. And it is insisted by the plaintiff that, though void for the purposes of a pure trust, it was, during Mrs. Hotchkiss' life, valid as a power in trust; that is, that it conveyed to the defendant under the form of a trust a *power* to convey lands, which was in itself valid, and under a proper appointment by her would become operative and obligatory upon the grantee of the power.

Section 58 of the article of uses and trusts declares, that where an express trust shall be created for any purpose not therein before specifically enumerated, no estate shall vest in

the trustees, but the trust, if directing or authorizing an act which may be lawfully performed under a *power*, shall be valid as a power in trust, subject to the provisions of law in regard to powers. (1 *R. S.* 729, § 58.) A power is an authority to do some act in relation to lands which the owner granting the power might himself lawfully perform. (*Id.* 732, § 74.) The power conferred by this deed is a power to convey the farm in question; it is a power which the grantor might lawfully perform, and hence the provision in the instrument in question would seem to have been at its creation a valid power in trust. If the act of appointment had been exercised by Mrs. Hotchkiss during her life, the power vested by the deed in the defendant would have become operative, and its execution on his part imperative; for "every trust power, unless its execution or non-execution is made expressly to depend on the *will* of the grantee, (in this case the defendant is the grantee of the power,) is imperative, and imposes a duty on the grantee." (*Id.* 734, § 96.)

But inasmuch as Mrs. Hotchkiss died before her husband, and during the existence of his life estate, and never in any way exercised her power of appointment, that is, her right to designate *to* whom the conveyance of the lands should be made by the trustee, or more properly the grantee of the power, the power has ceased to exist, and can never hereafter be exerted. Its execution has become impossible, and for all practical purposes it may be regarded as for the future forever extinguished. (*Barber* v. *Cary*, 11 *N. Y. Rep.* 402.)

What then becomes of the estate? Having never passed out of the grantor, it remains in him. His estate was liable to be defeated by the execution of the power, but that has never been done, and now never can be. The result therefore is, that Hotchkiss now holds the property disembarrassed of any condition whatsoever.

The only remaining question is, whether this presents a case of equitable cognizance; that is, whether the existence of a power in trust, valid in itself and once capable of exe-

cution, but now incapable of execution by reason of the death of Mrs. Hotchkiss without an exercise of the power of appointment, presents a case fit for the exercise of the equitable power of the court in removing a cloud upon the title by reason of the necessity of resorting to extrinsic evidence to establish the extinguishment of the power; that is, to prove, 1. The death of Mrs. Hotchkiss; and, 2. The non-exercise of the power of appointment during her life.

The difficulty which presents itself to my mind in entertaining jurisdiction in such a case arises out of the fact, that the deed in question is not in itself void; or if so, is void on its face as attempting to create an illegal trust; but is valid in itself as containing on its face a valid power in trust, which has only become extinguished by the lapse of time, or more properly, by default in the execution of the power. It is not therefore the case of a deed void at the time of its execution by reason of matters patent upon its face, or extrinsic facts then existing, such as fraud or duress. I am not aware that the doctrine of setting aside the instrument as a cloud upon the title has, in any of the modern decisions, been extended to cases where the deed has only become ineffectual by reason of subsequent events not impeaching its original validity, but only destroying its future operation, unless there be some circumstances which bring the case under some of the other heads of chancery jurisdiction; such as discovery, injunction or the like.

The cases which appear in our own state to have gone farthest in support of the doctrine for which the plaintiff contends, are *Hamilton* v. *Cummings,* (1 *John. Ch. Rep.* 520,) and *Pettit* v. *Shepherd,* (5 *Paige,* 493.) The first case was a bill filed for the cancellation and surrender of a bond on which the defendant had brought an action at law against the plaintiff, which action was at issue and about to be tried. The plaintiff (in equity) alleged that the bond was executed simply to secure the defendant for becoming bail for the plaintiff's intestate, and that such liability had become ex-

tinguished. The proof that such was the purpose for which the bond was given was contained in an unsealed receipt executed cotemporaneously with the bond. Chancellor Kent held that at law such a paper would not be admissible to contradict the terms of the bond, which was a bond for the payment of money. But that, accompanied by proof that the obligee's liability as bail had become extinguished, and that the bail had never been damnified, it formed an equitable defense to the bond, and justified a resort to an equitable tribunal for relief. In the opinion of the chancellor, there are some dicta tending to support the idea that jurisdiction exists in a court of equity to set aside a deed as a cloud upon the title, whether void on its face or by reason of extrinsic facts, and also when, although originally valid, it has ceased to be any longer effectual by the operation of subsequent events. But this was not the point in judgment; and if it was, the chancellor's position, in part at least, is plainly at variance with the more modern cases, and with what is now regarded as the established law on this subject; to wit, that for defects apparent upon the face of the instrument, equity will not interpose. The case itself may be defended, upon the well established ground of giving effect to a meritorious equitable defense unavailable at law. The case of *Pettit* v. *Shepherd* (5 *Paige*, 493) was a bill filed to stay the sale upon execution of the plaintiff's premises, upon a judgment in favor of the defendant against a party from whom the plaintiff had purchased; the judgment being a lien upon the premises as against such party, but not as against a *bona fide* purchaser from such party (which the plaintiff claimed to be) by reason of the lapse of more than *ten years* since the judgment was docketed. The ultimate decision turned on the question of the *bona fide* character of this purchase; which was negatived by the decision of the court. But the doctrine was upheld, that if the purchase had been *bona fide* the suit would have been well brought to restrain by *injunction* a sale, which would have been followed by a *sheriff's*

Hotchkiss *v.* Elting.

*certificate and deed,* which would have been a cloud upon the title. The language of the chancellor is, "And if a court of chancery would have jurisdiction to set aside the sheriff's deed which might be given on a sale, and to order the same to be delivered up and canceled, as forming an improper cloud upon the complainant's titl<sup></sup> to his farm, it seems to follow, as a necessary consequence, that the court may interpose its aid to prevent such a shade from being cast upon the title, *when the defendant evinces a fixed determination to proceed with the sale.*" (5 *Paige,* 501.) In the case at bar no such fact appears.

The complaint does not charge any intention on the part of the defendant to convey the premises or disturb the plaintiff's possession, but only with a simple assertion of title on his part in trust for the heirs of Mrs. Hotchkiss—an assertion emphatically contradicted in contemplation of law by the necessary legal effect of the terms of the deed itself. If Elting, under cover of this pretended title, had actually executed a conveyance to a third person, it may be that a suit would lie to set aside the latter deed as a cloud upon the plaintiff's title. It may be, also, that if Elting had threatened to execute a deed, under the pretense of the power thus practically extinct, an injunction would lie to prevent it, and the court thus having jurisdiction of the case might retain it for the purposes of complete justice, and declare the power extinct and the injunction perpetual. The plaintiff is in the undisturbed enjoyment of his property, with abundant means at his command to resist successfully any action of ejectment or other proceeding founded upon the instrument in question, which the defendant may institute against him. If the plaintiff wishes to have the question definitively settled, at once, he can proceed under the statute "to compel the determination of claims to real property in certain cases." (2 *R. S.* 313.) And he may also preserve the evidence of Elting, as to the non-exercise by Mrs. Hotchkiss of the power of appointment, under the statute, entitled "Of proceedings to

Hotchkiss *v.* Elting.

perpetuate testimony." (2 *R. S.* 398.) It is possible that some party may have a conveyance from the grantee of this power under an appointment from Mrs. Hotchkiss. In the present suit, upon this demurrer, it must be taken to be otherwise. But the courts should not lightly set aside an instrument valid in itself—valid at least as a link in the chain of title—which may by possibility be needed by some party not now before the court. No one would think of applying to set aside a will which contained a power of sale to executors for the purpose of paying certain debts or certain legacies, simply because the executors had fully administered the estate, and those debts and those legacies had been fully paid without an exercise of the power. Nor do I suppose an equity suit would lie to set aside a judgment as a cloud upon the title, simply because the judgment had been paid. One reason would be, that the judgment, although paid, might be wanted for the purpose of establishing a necessary link in the title to real estate. Another reason would be, that a perfect defense would always exist at law against any attempt to enforce the judgment. (*Livingston* v. *Hollenbeck*, 4 *Barb.* 9. *Van Rensselaer* v. *Kidd, Id.* 19. *Van Doren* v. *Mayor &c. of New York*, 9 *Paige*, 388.)

If a party received a sheriff's deed under a sale upon the satisfied judgment, it is quite possible a suit in equity would lie to set aside such sheriff's deed as a cloud upon the plaintiff's title. (*Heywood* v. *City of Buffalo*, 14 *N. Y. Rep.* 541. *Lounsbury* v. *Purdy*, 18 *id.* 520. *Ward* v. *Dewey*, 16 *id.* 522.)

A suit in equity would scarcely lie to surrender and cancel a paid note—over due—for there would be an ample defense at law. But if the note was negotiable and had not reached its maturity and was about to be transferred to a third party, there might be ground for an injunction and a surrender of the note.

It is suggested, however, that this objection is substantially one of want of jurisdiction, and not having been taken

specifically for that cause, under subdivision 1 of section 144 of the code, but the objection being under subdivision 6, for a different cause, it cannot now be entertained, on demurrer. (*Code,* §§ 144, 145, 148.) Several cases in the New York common pleas and superior court are cited in support of this position. (*Viburt* v. *Frost,* 3 *Abbott,* 119. *Hobart* v. *Frost,* 5 *Duer,* 672. *Wilson* v. *Mayor &c. of New York,* 1 *Abbott,* 4. 6 *id.* 6.) These cases are not conclusive authority in this court; and if they are intended to apply to a case like the present, I cannot yield my assent to them. The question here is not one of jurisdiction, either of the person or subject matter, but of the legal sufficiency of the matters in the complaint to constitute a cause of action. This court has unquestionably jurisdiction of an action to remove a cloud upon the title to land; and the point is, whether the matters alleged in the complaint are sufficient to constitute a cause of action of that description. It seems to me to come within the very terms of subdivision 6 of section 144, and that a demurrer for that cause is the appropriate one to present the question. If the question were one of jurisdiction, and in its nature incurable, I should have great doubt whether it would not be within the duty and at all events within the power of the court to entertain it by the provisions of § 145, although the demurrer was under subdivision 6 of section 144. If the complaint, on its face, showed a want of jurisdiction, it would necessarily show that the facts therein stated did not constitute a cause of action in favor of the plaintiff against the defendant, in the tribunal in which the suit was brought. Section 145 requires the defendant to specify the grounds of demurrer, and authorizes the court to disregard it, if it does not. But by section 148 the omission to make the specific objection does not *waive* it, and it is difficult to see why the court should refuse to entertain an objection in its nature insuperable, when at a subsequent stage of the action it would be obliged to give effect to it. There are cases, undoubtedly, where an omission to object to the juris-

diction of the court, in due season, may give the court jurisdiction of the *person* of a party before it; and perhaps the cases cited from the superior court of New York are of that class.    To which it may be proper to apply the doctrine that non-objection implies consent, and to refuse to give effect to the objection unless plainly specified in the demurrer.    But to a case like the present, where, if I am right, the court would refuse to give the plaintiff relief although he proved every allegation in his complaint, the doctrine is inapplicable. It is, in my opinion, a misnomer to call this an objection to the jurisdiction of the court, in the proper and legal sense of that term.    (*See Hillman* v. *Hillman*, 14 *How.* 456 ; *Richards* v. *Edick*, 17 *Barb.* 260.)

I am therefore of opinion, without considering the question whether all the necessary parties are before the court—which is not presented on this demurrer—that the demurrer is well taken, and that judgment must be entered for the defendant, thereon, with costs, with leave to the plaintiff to amend his complaint on payment of costs.

[COLUMBIA SPECIAL TERM, September 16, 1861.   *Hogeboom*, Justice.]