## VON BECK a. THE VILLAGE OF RONDOUT

*Supreme Ct., Third District; General Term, December,* 1860.

EQUITABLE RELIEF.—ENJOINING COLLECTION OF ASSESSMENT.—DAMAGES.

An action to obtain a construction of a municipal charter, and declare void an assessment made for the expense of a local improvement, and restrain the municipal officers from enforcing it against the plaintiff's personal property, by levy and sale, cannot be maintained. It is an action of purely equitable nature, and the plaintiff has adequate remedies of a legal nature.

Assessments are not the subject of equitable relief, except in special cases,—*e. g.*, where they assert a lien upon real property, and the defect is not apparent on the face of the proceedings, or, perhaps, where, in the case of personal property, enforcing them is shown to be an irreparable injury, or to cause a multiplicity of suits.

An action of a purely equitable nature cannot be retained, for the sole purpose of giving damages which the complaint does not demand.

Appeal by defendants from order overruling demurrer to complaint; also, appeal from order refusing to dissolve preliminary injunction.

This action was brought by George F. Von Beck against the trustees of the village of Rondout, and William Golden, an officer of the village, to enjoin the collection of an assessment which plaintiff contended was illegal. The facts sufficiently appear in the opinion of the court.

*A. J. Parker*, for the plaintiff.

*S. L. Stebbins*, for the defendants.·

By THE COURT*—Hogeboom, J.—In this case the defendants have levied on the plaintiff's horses and carriage, and the action is an equitable one to enjoin the defendants from selling them, or in any way interfering with the plaintiff's use and enjoyment thereof. The defendants demur to the complaint for want of jurisdiction, and because the facts stated do not constitute a cause of action. I am of opinion that the demurrer is well taken.

1. It is quite obvious from the whole scope of the complaint that the action is purely an equitable one. The entire relief sought, except the clause for general relief, is that which I have stated, and all the allegations in the complaint are framed with a-view to show an illegal assessment for village improvements made by the defendants, the expense of which they have incurred, in default of the plaintiff's payment thereof, and for which they seek to reimburse themselves by a warrant issued against the property of the plaintiff, under which the levy was made. The plaintiff's charging that the assessment is illegal and unauthorized by the charter of the village of Rondout, brings this action to restrain the sale of the property seized, and indirectly, but mainly to obtain a judicial construction of some of the provisions of the Rondout charter.

2. The answer to all which is, that no equitable relief whatever is necessary. The plaintiff has a perfect remedy at law. If the defendants levy upon, or sell, his property, he can prosecute them, and recover proper damages, in an action in the nature of an action of trespass or trover. If the property is of such a character or peculiar value that he desires to retain it himself, he can purchase it at the collector's sale. If he wishes to review the validity or regularity of the defendants proceedings, under the charter, he can do so by certiorari. (Heywood *a*. City of Buffalo, 14 *N. Y.*, 534.) .

3. We have not been referred to any case where the remedy at law being perfect and no allegations being made of special

---

* Present, Gould, Hogeboom, and Peckham, JJ.

value in the property seized, or special injury likely to occur to the owner by being deprived of it, or of its use, any action was ever entertained or upheld by the courts to prevent the sale of personal property by reason of any want of proper authority in the persons attempting to make the sale. Such a practice would confound all distinctions between law and equity, and convert all our legal tribunals into mere forums for the enforcement of preventive remedies.

Even in regard to real estate, where injunctions are sometimes allowed by reason of the alleged illegal proceedings being an apparent cloud upon the title, a well-established distinction is recognized between such as present upon their face the alleged illegal defects, errors, illegalities, or irregularities, and such as require extrinsic evidence to exhibit them. It is only in the latter case that resort can be had to equity for relief. (Cox *a.* Clift, 2 *N. Y.*, 118; Mayor of Brooklyn *a.* Meserole, 26 *Wend.*, 132; Van Doren *a.* Mayor of N. Y., 9 *Paige*, 388; Ward *a.* Dewey, 16 *N. Y.*, 518; Livingston *a.* Hollenbeck, 4 *Barb.*, 9.)

In this case the illegality is alleged to be patent upon the face of the proceedings by comparison with the provisions of the charter.

4. By way of sustaining the complaint it is suggested that this is necessary to prevent a multiplicity of suits. But no facts are shown making this apparent.

It is further said the injury is irreparable. But we are not told how the sale of a span of horses and a carriage can work an *irreparable* injury to the plaintiff.

We are also told that the assessments are apparent liens upon the real estate. But to this there are two answers :—1. This is not a suit to remove the cloud upon the title. 2. The defect (if any) is apparent upon the face of the proceedings.

And finally, it is said, that at all events the defendants are liable in damages for the illegal levy. The answer is, the complaint is obviously framed for merely equitable relief—the action is of that character—damages as such, are not sought to be recovered—and it would be subversive of all form and distinctions in pleading to treat this as a common-law action to recover damages for a trespass.

The order of the special term should be reversed with costs,

and judgment given for the defendants on the demurrer, with eave to the plaintiff to amend on payment of costs.

The case also comes here by appeal from the order refusing to dissolve the temporary injunction preliminarily granted on the action. As the whole groundwork of the action fails, and the complaint itself established no sufficient cause for an injunction, the order of the special term should be reversed, with $10 costs of the court below, and $10 costs upon appeal, and the injunction dissolved.