JOEL B. FARNHAM AND WIFE, Appellants, v. ANTHONY F. CAMPBELL, impleaded with others, Respondents.

An action to remove a cloud from title cannot be sustained, where it is apparent, upon the face of the pleading, that the facts alleged, if true, would not legally affect the title of the plaintiff.

APPEAL from judgment of the Supreme Court at General Term, affirming the judgment of the Special Term, sustaining the defendants' demurrer to the plaintiffs' complaint.

*Wheeler H. Peckham*, for the appellants.

*Crooke & Bergen*, for the respondents.

DAVIES, Ch. J. The complaint in this action alleges that, on the 26th of June, 1861, the plaintiff, Joel B. Farnham, was seized of a lot of land in Williamsburgh, Kings county. That, being desirous of vesting the title to said premises in his wife, the other plaintiff, he, on the said 26th of June, made, executed and delivered a deed of said premises to one Edward Farnham, who, on the same day, made, executed and delivered his deed therefor to the said Amy Farnham. That the consideration of said deeds was, in fact, merely nominal, and that said Edward had no interest in said property whatever, except as a medium for vesting the title thereof in said Amy Farnham.

That, on the 16th day of March, 1863, the defendants, Bliven and Mead, recovered a judgment against said Edward Farnham for the sum of $4,259.58; that, on the 28th of March, 1863, the said Bliven and Mead caused execution to be issued on said judgment and delivered to the defendant Campbell, as sheriff of the county of Kings; that, on April 1, 1863, the said sheriff levied on said piece of land, as the property of said Edward Farnham, and that the same was sold on the 10th of October, 1863, in pursuance of said advertisement, and the defendants, Bliven and Mead, became the purchasers thereof; that Bliven and Mead threaten to sell and convey said property to some other person, and the plaintiffs apprehend that

some innocent third party may become the purchaser, and that said proceedings of said Bliven and Mead tend to throw a cloud over the title of the plaintiffs to said premises ; that, about the 23d day of December, 1863, the said judgment against said Edward Farnham was reversed, vacated and set aside, and that said Bliven and Mead well knew that said Edward Farnham had no title or interest in said piece of land at the time they issued said execution and caused said premises to be sold by virtue thereof, and became the purchasers of the same. The plaintiffs prayed judgment that the said defendant, Campbell, as such sheriff, might be restrained from giving to said Bliven and Mead a certificate of such sale, or any deed in pursuance thereof, and that said Bliven and Mead might be enjoined from selling, conveying or assigning such bid, or any right or title to said premises, which they had acquired by reason of such purchase.

To this complaint the defendants demurred, as not setting forth facts sufficient to constitute a cause of action. Judgment for defendants at Special Term, and which, on appeal, was affirmed by the General Term.

The plaintiffs now appeal to this court.

The demurrer admits all the facts stated in the complaint. It is difficult to perceive what cloud there is upon the title of the plaintiff to her land, by reason of the recovery of the judgment against Edward Farnham, and the proceedings thereon. It is not important, in the view I take of this case, to advert to the circumstance that the judgment has since been vacated and set aside. A judgment is a lien only upon the lands of the debtor, or defendant in the judgment, of which he may be seized at the time of its recovery and docket. Upon the facts stated in this complaint, it may well be doubted if the lien of the judgment would have attached, even if it had been recovered and docketed prior to the conveyance of Edward Farnham. He never had any interest in the property, and it was only conveyed to him that it might be instantly conveyed to the wife of the grantor in the conveyance to him. I do not see that he had any interest in the land to which the judgment would attach as

a lien, even if it had been in existence at the time of the conveyance to Edward Farnham. But the judgment was not recovered until near two years after Edward Farnham had parted with and conveyed all his right, title and interest in that property, whatever it might be. The judgment of Bliven and Mead created no apparent lien on the plaintiffs' property, and the proceedings to sell it, and any sale, or certificate of sale, or deed in pursuance thereof, could by no possibility create any cloud upon the plaintiffs' title to this property. It certainly could not be urged that if Bliven and Mead had assumed to sell a piece of land owned by an entire stranger to all the parties to this action, and had sold the same, and threatened to follow up the sale by taking from the sheriff the usual certificate of sale, and a sheriff's deed at the appropriate period, that any such cloud upon the title of the stranger to that particular piece of property would have been created, as would have warranted the intervention of a court of equity to restrain such proceedings. If the party claiming under such proceedings to enforce any claim of that character sought to obtain possession or control of the property, the party in possession, or the true owner, would have adequate remedies to resist and defeat any such claim. And the case made by the complaint is equally strong for the plaintiffs, and the circumstance that the judgment debtor was even for a moment seized of the property, as in the present instance, would not alter the rights of the parties, or make or create a cloud when there was no cause for its existence.

All the papers which could be executed to perfect the title under the sheriff's sale must necessarily show that the judgment, by virtue of which the sale was made, was recovered and docketed long after the period when the defendant, Farnham, had any title to the premises. Such proceedings could no more create a cloud upon the title of the plaintiffs to their land, than they would have cast a cloud over the title of any other citizen of the State to his land, if Bliven and Mead had attempted, by virtue of their judgment against Farnham, to sell the real estate of any such citizen.

It cannot for a moment be contended that any such results could be produced by any similar proceeding. The plaintiffs' title to their land was in no respect impaired or clouded by the acts of the defendants, and the complaint was properly dismissed, and the judgment appealed from should be affirmed, with costs.

MORGAN, J. The bare statement of the case will be all that is necessary to dispose of it. The defendant, a sheriff, held an execution against one Edward Farnham, and sold the real estate of Joel B. Farnham's wife. It is not alleged that Edward was even in possession, or that he claimed any interest in the property, but it is simply stated that he was the medium through whom the title was passed from Joel B. to his wife. This is the only ground upon which it is claimed that the proceedings of the sheriff will constitute a cloud upon her title. But it is too plain for argument that the proceedings of the sheriff, even if he executes a conveyance to the purchasers, would not, standing alone, give any color to an action against Mrs. Farnham to recover the premises.

But, as a further protection to Mrs. Farnham, the complaint alleges that the judgment upon which the execution issued has been reversed. I suppose the records will show this fact, and it takes away all pretense of title through the sheriff's deed.

There might be something in the suggestions of the plaintiffs' counsel, if the judgment debtor was in possession of the property; but without such possession, the sheriff's deed would be absolutely void as against the owners in possession of the property. Nor is there any way by which a subsequent purchaser could prove himself to be a *bonâ fide* purchaser as against Mrs. Farnham or her grantees in possession. Her possession is sufficient notice of her title without putting her deed on record. But the court will hardly entertain a suit to remove a cloud from her title, when she could remove it herself by putting the deed on record.

The defendants' counsel makes another point against the complaint, which it is, perhaps, unnecessary to consider. If

the case of *Mann and Wife* v. *Marsh* (21 How., 372) is correctly decided, the complaint is substantially defective for uniting husband and wife as plaintiffs in the action which concerns her separate property. That case held that the complaint did not state a sufficient cause of action in the plaintiff, the husband and wife being regarded in law as but one person, and, therefore, not within the rule allowing the name of the husband to be dropped out of the complaint as in case of other parties. But it is not necessary to rely upon this ground of demurrer in the case at bar to sustain the judgment, and I shall not, therefore, attempt to discuss it.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.