SOPHIE MULLIGAN *v.* HENRY BARING, AND ABNER H. DAVIS, EXECUTORS, &c.

A court of equity will not interfere in a case where an act *en pais* is complained of as a cloud on title, where the act does not itself, and without concurring facts and circumstances, proved *aliunde*, establish any interest in, or title to, the premises.

An attachment against the property of a husband, and a levy thereunder upon the wife's real estate, and the filing of a notice of *lis pendens* constitute *prima facie* no real or apparent incumbrance or hindrance to or upon the wife's title, and a court of equity will not interfere, at the wife's suit, to discharge the attachment levy and vacate the notice of *lis pendens* as a cloud upon her title.

APPEAL by the plaintiff from a judgment dimissing the complaint, rendered on the report of John T. Hoffman, Esq., referee.

By the referee's findings of fact, it appears that plaintiff was the owner of No. 8 East Forty-first street, the premises described in the complaint, in her own right. Edward Mott Robinson, in May, 1865, in an action pending in the Supreme Court against Eugene Mulligan and George S. W. Crane, procured an attachment, under the provisions of the Code, against Eugene Mulligan, the husband of the plaintiff, as an absconding debtor. This attachment was levied on the premises in question as being the property of Eugene Mulligan. Immediately thereafter the plaintiff in that action caused to be filed in the county clerk's office the usual notice of *lis pendens*, describing said premises and declaring the same to be affected by said attachment. In June following, Robinson died, and the action was revived in the names of Baring and Davis, as his executors, and in November, 1865, a notice of *lis pendens*, in the action so revived, was filed in the county clerk's office, which also described said premises and attachment, and contained the usual notice that said attachment was intended to affect the real estate therein described, and that said premises had been levied upon under said attachment.

Before the commencement of this action, the plaintiff had contracted for the sale of the premises, but the purchaser refused to take from plaintiff the conveyance of said premises, on the ground that such *attachment levy, and lis pendens* constituted a cloud upon the title.

This action was brought to have the levy of the attachment as to said real estate discharged, and the *lis pendens* vacated of record. The pleadings were so amended before the trial that relief was sought against both notices of *lis pendens*, alike.

The referee dismissed the complaint on the ground that the attachment levy and notices of *lis pendens* did not, nor did either of them, constitute any cloud or encumbrance, real or apparent, in plaintiff's title. The plaintiff appealed to the general term.

*Spaulding & Richardson,* for appellant.

I. The attachment and levy thereunder, create *per se* a specific lien on the property attached, irrespective of the possibility of the lien being ultimately enforced, and plaintiff's title by the attachment proceedings complained of in this case is " obscured," and " doubt and suspicion " are necessarily cast upon it thereby. The *lis pendens* operates as a notice that the property has been levied on, and is in the custody of the law as a security for the attachment debt, to be applied ultimately in satisfaction of such debt.

II. Absolute danger to plaintiff's title need not be shown to entitle her to relief, but only the appearance of it, on the face of these proceedings or any of them. Upon the face of one and all of these proceedings there appears to be a lien in favor of the attachment debt, and there is such a lien in fact, and plaintiff is forced to resort to facts outside the attachment record, and *lis pendens*, to show that such lien should not be enforced. She is, therefore, entitled to have them removed as a cloud upon her title, upon showing, as she has, that such lien ought not to be enforced (*Heywood* v. *Buffalo*, 14 N. Y. 534; *Ward* v. *Dewy*, 16 N. Y. 519; *Cox* v. *Cliff*, 2 N. Y. 118).

III. Irrespective of the contract of sale, if the attachment levy

and *lis pendens*, or either of them, constitute a lien; and if such lien ought not to be enforced, it is against conscience for the party holding it to retain it, for while it exists it is always liable to be applied to improper purposes, and it may be litigated at a distance of time when the proper evidence to repel the claim may be lost, or when plaintiff might be prevented from contesting its validity with as much ability and force as at present (Story's Eq. J. § 700).

Independent of the filing of the *lis pendens*, a purchaser could do no less than refuse title, having actual knowledge, as he appears to have had in this case, of the attachment suit, and the levy of the attachment on the property in question; for anything which advises him of a suit in which a lien is claimed divests him of the character of an innocent purchaser, and charges him with full knowledge ( *Williamson* v. *Brown*, 15 N. Y. 363; *Patterson* v. *Brown*, 32 *Id.* 81; *Putney* v. *Leonard*, 1 Paige, 461; *Pendleton* v. *Fay*, 2 *Id.* 202; *Green* v. *Sluyter*, 4 Johns. Ch. 38).

*Joseph H. Choate*, for respondents.

I. Eugene Mulligan, the defendant named in the attachment, having no interest, and Mrs. Mulligan, the plaintiff, being the absolute owner of the property, subject only to the resulting trust, if any, reserved to the creditors to be enforced in equity alone—she has wholly failed to present a case demanding or warranting the intervention of the equitable power of the court to remove the supposed cloud upon her title, simply because there is no cloud to remove. The distinction drawn by the cases, is between those where the conveyance or instrument complained of as causing the cloud is presumptively valid, so that the injured party must furnish proof to remove it, in which cases the court of equity will interfere, and cases where the document upon which the adverse claimant must rely, will, whenever produced, demonstrate the invalidity of the claim made under them.

Not every unfounded and untenable claim will constitute what is known in courts of equity as a "cloud upon title." To amount to that, the claim or the documents constituting it

must appear upon their face to form a legal incumbrance. Short of this, the owner can take care of himself, and does not need the aid of a court of equity to protect him (*Van Doren* v. *The Mayor &c.*, 9 Paige, 388; *Cox* v. *Clift*, 2 N. Y. 118; *Scott* v. *Onderdonk*, 14 N. Y. 9; *Heywood* v. *Buffalo*, *Id.* 534; *Ward* v. *Dewey*, 16 N. Y. 519; *Chautauqua Co. Bank* v. *White*, 6 N. Y. 236; *Field* v. *Holbrook*, 6 Duer, 604; *Lounsbury* v. *Purdy*, 18 N. Y. 515; *Sieman* v. *Schurck*, 29 N. Y. 598; *Farnham* v. *Campbell*, 34 N. Y. 480).

II. Whoever shall hereafter claim adversely to the plaintiff's title under these proceedings, must show, as necessary links in his claim, the warrant, the *lis pendens*, the judgment and execution, and the deed of the sheriff. The attachment runs only against the property of Eugene Mulligan, and can affect no one's property but his. The *lis pendens* has no force or effect, except as based upon and derived from the attachment. The judgment will be against Eugene Mulligan, and the execution must direct the sheriff to cause the amount of the judgment to be made of the real estate of the person against whom the judgment was rendered (2 Rev. St. [Edmonds], 381, § 24).

And the conveyance to be finally executed by the sheriff to the purchaser is valid and effectual to convey only the right, title, and interest of the defendant in the execution (*Id.* p. 288, § 62).

In no possible litigation that can arise, therefore, will the title of the plaintiff be jeoparded by the proceedings in question. The objections which appear upon the face of those proceedings are perfectly valid. In no action founded on the attachment and *lis pendens* can a recovery be had against the title of the plaintiff, and this arises from the very non-existence of the facts necessary to such recovery.

BY THE COURT.—BRADY, J.—The only lien accomplished by the attachment and levy thereunder was upon any interest which the plaintiff's husband had in the premises described in the complaint at the time of the levy, but as she was seized and possessed of them in her own right at that time, and he had

not then or at any other time any title to or interest in them, the levy accomplished nothing. The judgment in the attachment proceedings would be against him, and the sale under it would be of his right, title, and interest only. The attachment and levy and *lis pendens*, which are supposed to constitute the alleged cloud, are *prima facie*, therefore no real or apparent incumbrance or hindrance to or upon the plaintiff's title. If the purchaser under such a sale as could take place by or through them, took title from the sheriff, he would, in order to maintain his right against the plaintiff's title to the alleged interest of the plaintiff's husband which he acquired, have to show at least the asserted facts upon which the defendants proceeded, viz. : that the conveyance to the plaintiff was made, through her husband's instrumentality, to defraud his creditors, or that he caused the conveyance to be made to her, having paid the consideration thereof out of his own estate, he being at the time insolvent or indebted to the plaintiff in the judgment under which the sale was had. A thorough examination has not developed any case in which a court has interfered to remove as a cloud upon the title any combination such as presented in this case or any component part of it. The case of *Farnham* v. *Campbell* (34 N. Y. 480) is analogous, though not precisely in point. The sheriff, upon an execution issued on a judgment against Edward Farnham, levied and sold premises which had been conveyed by Joel Farnham through Edward to Joel's wife, Amy Farnham. Joel and wife commenced an action against the sheriff and others, praying that the sheriff might be restrained from giving a certificate of such sale or any deed in pursuance thereof, and that the purchasers might also be restrained from selling their bid, or any right or title which they had acquired by such purchase. The defendant demurred, and succeeded at the special term, general term, and in the court of appeals. It is said, in that case, that all the papers which could be executed to perfect the title under the sheriff's sale, must necessarily show that the judgment by virtue of which the sale was made, was recovered and docketed long after the period when the defendant Farnham had any title to the premises, and that such proceedings could no more create a cloud upon the

title of the plaintiffs to their land.than they would have cast a cloud over the title of any other citizen of the State to his land, if the defendants, the judgment creditors, had attempted, by virtue of their judgment against Farnham, to sell the real estate of any such citizen." The same observations apply to this case. The array of the attachment, levy and *lis pendens*, is not more effective than the levy, sale, and intended certificate of the sheriff in the case (*supra*), and the latter was not regarded as sufficient to warrant the interference of a court of equity. Where the instrument or matter *en pais* is *prima facie* a blot upon the title, it will be removed. If, for example, there is a judgment against the legal holder, who is the apparent but not beneficial owner in fact of the premises and a sale thereunder, the sheriff's certificate would be a *prima facie* cloud which a court of equity would remove on the application of the real owner (*Lownsbery* v. *Purdy*, 18 N. Y. 515; *Sieman* v. *Scharck*, 29 N. Y. 598), and this, notwithstanding the real owner might have interposed his claims as a defence to an order of ejectment. A court of equity will not entertain a bill to remove a cloud from the title to real estate, where it is apparent that no danger to the title is to be apprehended from the alleged cloud (*Cox* v. *Clift*, 2 N. Y. 118; *Van Doren* v. *The Mayor*, &c. 9 Paige, 388; *Ward* v. *Dewey*, 16 N. Y. 519); and in the case of *Van Doren* v. *The Mayor*, the chancellor said: "That can never be considered a legal cloud which cannot for a moment obstruct the unaided rays of legal science where they are brought to bear upon the supposed obscurity." It is apparent in this case that no danger is to be apprehended to the title of the plaintiff from the supposed cloud. Assuming all the facts alleged by the plaintiff to be true, it is clear that nothing of her interest in the premises could be in any way affected by the acts complained of. Upon their face they establish no transfer, claim, or lien against her. It is true that it does not appear by the *lis pendens* or the defendant's proceedings, that the plaintiff is the owner of the title, but it appears by her deed, and a purchaser from her could not successfully refuse to complete his contract by the mere production of the attachment, levy, and *lis pendens*. He would be obliged to show that in fact she did

not hold the title unincumbered, and that could be done as well without as with the alleged cloud formed by the combination stated. It is not the province of a court of equity to interfere in cases where an act *en pais* is complained of, and which, without concurring facts and circumstances to be added thereto by proof *aliunde*, will not establish any interest in or title to the premises described; while, on the other hand, if the thing complained of is *prima facie* a cloud, it may be assailed and destroyed, notwithstanding that a defence at law may exist. For these reasons it is quite clear that the report of the referee was right, and the judgment should be affirmed. Whether a purchaser, under any judgment obtained in the defendants'. attachment proceedings could, on the facts disclosed by the defendants, accomplish any disturbance of the plaintiff's title, it is not necessary to decide, although this opinion assumes, for the purpose of giving the plaintiff the full benefit of the acts complained of, that he would by purchase be subrogated to the rights of existing creditors when the plaintiff took title.

Judgment affirmed.