HARRIET M. WILSON, RESPONDENT, *v.* JOHN KELLY,. SHERIFF OF OTSEGO COUNTY, APPELLANT, IMPLEADED WITH THE PEOPLE'S SAVINGS BANK.

*Cloud upon title — when the lien of an attachment is not — rights of the holder of an unrecorded deed as against subsequent attaching creditors — abuse of the process of the court.*

The complaint alleged that on June 8, 1882, one George B. Wilson conveyed certain real estate, which he then owned, to the plaintiff, who on the same day entered into and still continues in possession thereof as owner; that the deed was recorded July 31, 1882; that on July 17, 1882, in an action in favor of the People's Bank against said Wilson, an attachment was issued and a notice thereof filed in the county clerk's office stating that a levy had been made upon the said land; that at about that time appraisers were appointed and an inventory of the land was made and filed by the sheriff; that the notice of *lis pendens* thus became an apparent lien upon the land and a cloud on the plaintiff's title, and that the sheriff refused, although requested so to do, to cancel the levy and release the premises. and that the plaintiff had lost an opportunity to sell the land by reason of the said apparent lien.

*Held,* that the facts stated did not entitle the plaintiff to maintain an action to have the proceedings, in so far as they affected this land, canceled, and to recover the damages she had sustained.

That the lien acquired by the filing of the notice of the attachment of the property was subject to the rights acquired by the plaintiff by her unrecorded deed, and did not constitute such a cloud upon her title as would authorize an action to remove it, especially as no judgment had as yet been recovered by the bank in the action in which the attachment was issued.

*It seems,* that if the attaching creditor should abuse the process of the court by neglecting to proceed with his suit, and thus unjustly perpetuate for a long time the lien of the attachment, the plaintiff might have redress as for an intentional abuse of the process of the court.

APPEAL from an order overruling the defendant's demurrer to the complaint, and from the interlocutory judgment entered therein.

The defendant Kelly demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Samuel S. Edick,* for the appellant.

*Samuel A. Bowen,* for the respondent.

LEARNED, P. J.:

The complaint avers that on the 8th day of June, 1882, George

B. Wilson was the owner in fee of certain land; that on that day he conveyed the same to the plaintiff, who went into possession, and is in possession and the owner; that the deed was recorded July 31, 1882; that on the 17th day of July, 1882, in an action in favor of the People's Bank against said George B. Wilson, an attachment was issued to defendant Kelly, sheriff of the county; and on that day a notice of attachment was filed in the clerk's office, stating a levy on said land; and about that time appraisers were appointed and an inventory made by the sheriff of said land, and filed in the clerk's office; that a notice of *lis pendens* thus became an apparent lien on the land, and cloud on plaintiff's title; that she had requested of said bank and of said sheriff to cancel said levy and release the premises, and they have refused; that she had an opportunity to sell this land, and could have sold it, but for said apparent lien She asks that the proceedings, so far as they affect this land be canceled, and that she recover her damages. The defendant Kelly demurs.

The Code (§ 649, sub. 1), directs the mode of attaching real property; which is by filing a notice, similar to the notice of *lis pendens*. This is to be recorded in like manner, and with like effect, as a notice of *lis pendens*. We are not prepared to say that by the words " with like effect," it is determined that the attaching plaintiff acquires a lien which is prior to that of an unrecorded deed. The matter decided in *Van Court* v. *Armstrong* (November, 1881, Third Department), was in a foreclosure action, not upon an attachment. And certainly the ordinary rule is that an attaching creditor gets nothing more than the debtor had at the time of the levy. *Lamont* v. *Cheshire* (65 N. Y., 30) seems conclusive on this point. The object of a notice of *lis pendens* is to prevent a transfer which shall interfere with the plaintiff's claim; that is, to enable the court to give, against any subsequent purchaser, the remedy to which the plaintiff would be entitled against the original owner. It is not a means of acquiring a new right. On the contrary an attachment is the acquiring of a lien or right, to which the plaintiff had no previous claim. Therefore it was said in the last case that an attachment may not have priority over an unrecorded deed. Indeed a reference to section 708, subdivision 2, will show that the sheriff, under execution, is to sell only the interest which the defendant

had in the real property at the time when the notice was filed or thereafter.

But the plaintiff insists that there is a cloud on her title because in a litigation between herself and a purchaser under the execution she would have to prove that her deed was executed before the attachment. But this question is carefully considered in *Mulligan* v. *Baring* (3 Daly, 75), and a decision adverse to the plaintiff is given.

The plaintiff, however, cites *Lehman* v. *Roberts* (86 N. Y., 232), and refers to certain remarks in the opinion as to the cases in which a cloud on title will be removed, stating that it is only when the pretended title or the proceeding which it is apprehended will create one is apparently void. The opinion, however, does not state that, in all of such cases, an action of this kind will be sustained. On the contrary, the next paragraph in the opinion shows that an action like the present ought not to be sustained. We quote a part : " Nor would the sale of land under execution against a third party be restrained at the suit of a party in possession having the paper title." Therefore if in the present case the People's Bank should proceed to judgment and execution against George B. Wilson, and should sell this land, the plaintiff would not be entitled to such an action as this. She should then defend in an action of ejectment, or take proceedings to compel a determination of the claim under section 1638, etc., of the Code Civil Procedure. Still more, it is not yet determined that the bank will ever have a judgment against George B. Wilson. The attachment is only issued to secure a judgment, should one be recovered. In that respect the attachment is different from the certificate under an assessment sale, which, as a matter of course, entitled the purchaser to a deed ; and in regard to which the question of cloud upon title has often been discussed.

We may say however that, if an attaching creditor should abuse the process of the court by neglecting to proceed with his suit, and should thus unjustly perpetuate, for a long time, the lien of an attachment, a person situated like the plaintiff might possibly have redress, on the ground that the process of the court was intentionally abused to the plaintiff's injury. Nothing of that kind is here.

The judgment is reversed, with costs; and the demurrer sustained with costs.

Present—LEARNED, P. J., BOARDMAN and POTTER, JJ.

Judgment reversed, with costs, and judgment ordered for defendant on demurrer, with costs.